From: William L. Shipley, Attorney for Defendant Daniel Phipps
To:   Hon. Carl J. Nichols, U.S. District Judge
      AUSA Michael Liebman

Re:   Change of Plea – <u>U.S. v. Phipps</u>, 21-cr-00044 CJN.



**FILED**

MAY 0 4 2023

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

<u>Factual Basis for Guilty Pleas to all Counts by Daniel Phipps</u>:

On January 6, 2021, in the District of Columbia, Daniel Phipps did resist, oppose, impede and interfere with Metropolitan Police Department Officer A.C., who was in uniform and engaged in the performance of his official duties as a sworn law enforcement officer with the Metropolitan Police Department, and as such was a person designated in 18 U.S.C. Sec. 1114.

At approximately 4:38 pm, Officer A.C., in conjunction with other law enforcement officers, was employing his police baton to push protesters away from the Capitol building in the area of the West Terrace of the United States Capitol. Daniel Phipps did interfere with and impede Officer A.C. in the performance of his official duties by grabbing Officer A.C.'s police baton and pushing back while resisting the efforts being made by Officer A.C. He did so with the intent to commit another felony, to wit: civil disorder in violation of 18 U.S.C. Sec. 231(a)(3).

At the time of the above-described acts, there was a "civil disorder" at and around the grounds of the United States Capitol building in Washington D.C., and that "civil disorder" did obstruct, delay, or adversely affect commerce or the movement of any article or commodity in commerce in that Safeway Supermarkets in the District of Columbia were ordered to close early on January 6, thereby reducing their sales of goods to the public until they were allowed to reopen.

At the time Daniel Phipps engaged in the actions described herein, and without lawful authority to be there, he was in a "restricted area" of the Capitol grounds due to the fact that the Vice President of the United States was temporarily visiting the Capitol on that day.

While in the "restricted area" he did engage in disorderly or disruptive conduct intending to impede or disrupt the Government business or official functions, and his conduct did, in fact, impede or disrupt Government business or official functions taking place that day.

Earlier in the day on January 6, 2021, Daniel Phipps did willfully and knowingly enter the United States Capitol building without lawful permission to do so, and without passing through the security screening processes normally functioning. While inside he did engage in disorderly or disruptive conduct that impeded, disrupted, or disturbed a session of Congress or either House of Congress in that Congress could not resume its Joint Session until all unauthorized individuals inside the Capitol were removed and the building was secured.

He entered and remained inside the Capitol knowing that he did not have permission to do so, and while inside the Capitol he did knowingly and willfully parade, demonstrate or picket.

Defendant Daniel Phipps agrees that the facts set forth above are sufficient to establish each of the elements of the offenses with which he is charged:

Count 1:   a violation of 18 U.S.C. Sec. 111(a)(1)
Count 2:   a violation of 18 U.S.C. Sec. 231(a)(3)
Count 3:   a violation of 18 U.S.C. Sec. 1752(a)(1)
Count 4:   a violation of 18 U.S.C. Sec. 1752(a)(2)
Count 5:   a violation of 40 U.S.C. Sec. 5104(e)(2)(D)
Count 6:   a violation of 40 U.S.C. Sec. 5104(e)(2)(G)

The elements of each of the above listed offenses are as follows:

Count 1: A violation of 18 U.S.C. Sec. 111(a)(1)

1. First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with A.W., an officer from the Metropolitan Police Department.

2. Second, the defendant did such acts forcibly.

3. Third, the defendant did such acts intentionally.

4. Fourth, A.W. was an officer or an employee of the United States then engaged in the performance of his official duties, or a person assisting such an officer or employee in the performance of that officer's duties.

5. Fifth, the defendant acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count 2.

Count 2:  A violation of 18 U.S.C. Section 231(a)(3)

1. First, defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

2. Second, at the time of the defendant's actual or attempted act, the law enforcement officer was engaged in the lawful performance of their official duties incident to and during a civil disorder.

3. Third, the civil disorder in any way or degree obstructed, delayed or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Count 3:  A violation of 18 U.S.C. Sec. 1752(a)(1)

1. First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2. Second, that the defendant did so knowingly.

Count 4:  A violation of 18 U.S.C. Sec. 1752(a)(2)

1. First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

2. Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

3. Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Count 5:  A violation of 40 U.S.C. Sec. 5104(e)(2)(D)

1. First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

2. Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

3. Third, that the defendant acted willfully and knowingly.

Count 6:  A violation of 40 U.S.C. Sec. 5104(e)(2)(G)

1. First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

2. Second, the defendant acted willfully and knowingly.

Statutory Penalties:

As to Count 1, the defendant faces a maximum potential penalty under the statue of up to 8 years in custody.

As to Count 2, the defendant faces a maximum potential penalty under the statute of up to 5 years in custody.

As to Counts 3 and 4, the defendant faces a maximum potential penalty under the statute of up to 1 year in custody.

As to Counts 5 and 6, the defendant faces a maximum potential penalty under the statute of up to 6 months in custody.

